FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT -9 2008

GREGORY C. LANGHAM
                    CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01394-BNB

ZACHARY KENDALL,

    Applicant,

v.

J. M. WILNER, Warden, Federal Prison Camp, Florence,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Zachary Kendall, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the Federal Correctional Institution in Florence, Colorado. Mr. Kendall initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and an attached, supporting brief. He paid the $5.00 filing fee required for a habeas corpus action.

On July 18, 2008, Magistrate Judge Boyd N. Boland ordered Respondent to file a Preliminary Response to the habeas corpus application and address the affirmative defense of exhaustion of administrative remedies. On August 7, 2008, Respondent filed a Preliminary Response. On September 2, 2008, Applicant filed a Reply.

The Court must construe Mr. Kendall's application and Reply liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as

a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be denied.

Mr. Kendall currently is serving a seventy-month sentence for possession with intent to distribute methamphetamine. His projected release date, via good-conduct-time release, is October 6, 2010. He contends that he is entitled to a sentence reduction by crediting him with time he allegedly served in detention prior to sentencing. He specifically contends that he is entitled to 271 days of "pre and post conviction detention credits" applied toward his sentence pursuant to 18 U.S.C. § 3585(b). Supporting brief at 1. According to Mr. Kendall, he was taken into custody on February 18, 2005, by the United States Marshals Service, where he remained until November 22, 2005, the day he was sentenced on federal charges. Therefore, he contends he is entitled to credit toward his sentence from the date he alleges he was taken into custody until the date of his sentencing. He further contends that the BOP has refused to award him that credit.

As relief, he appears to be asking the Court to apply the United States Sentencing Guidelines to "adjust the Apllicant's [sic] 70 month prison sentence downward by nine (9) months and one (1) day[]" in order to "award the Applicant the detention credits he has earned." Application at 5. According to Applicant, he would be left with a new prison term of "sixty (60) months and twenty-nine (29) days." Supporting brief at 3.

Applicant concedes and the record confirms that he has not exhausted BOP administrative remedies prior to initiating the instant lawsuit. He contends that exhaustion is futile. Although he submits with his Reply the inmate request to staff

2

dated December 18, 2006, and the response he received dated January 8, 2007, the inmate request to staff does not appear to be part of the BOP's administrative remedy process. Respondents contend that Mr. Kendall has not even attempted to exhaust BOP administrative remedies, and, therefore, cannot know whether his efforts to exhaust would be futile. This Court agrees.

Exhaustion of administration remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986); *see also Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). Mr. Kendall's speculation that exhaustion would be futile does not excuse the required exhaustion process. He has not shown affirmatively that exhausting BOP remedies would be useless. *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981).

The BOP administrative remedy program is available to federal prisoners such as Mr. Kendall. *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy program allows "an inmate to seek formal review of an issue which relates to any aspect of his/her confinement." 28 C.F.R. § 542.10(a). To exhaust administrative remedies, a federal prisoner must attempt to resolve the matter informally and then complete all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. § 542.14 - 542.15. Therefore, the application will be denied and the action dismissed for failure to exhaust the BOP's three-step administrative remedy procedure prior to initiating the instant lawsuit. Accordingly, it is

ORDERED that the application is denied and the action dismissed without prejudice for failure to exhaust the Bureau of Prisons' three-step, administrative-remedy procedure before seeking federal court intervention.

DATED at Denver, Colorado, this 8 day of Oct., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Civil Action No. 08-cv-01394

Zachary Kendall
Reg. No. 12392-081
FCI - Florence
PO Box 6000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on __10/9/08__

                                        GREGORY C. LANGHAM, CLERK

                                        By: _____
                                                        Deputy Clerk